Minute Order F (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1855 | **DATE** | 6/27/2002 |
| **CASE TITLE** | BARRY HACKNER vs. LONG TERM DISABILITY PLAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Status hearing held and continued to 8/27/02 at 9:00 a.m. Enter Memorandum Opinion And Order. Hartford's motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JUL 0 1 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 JUN 28 PM 4:20 | JUL 0 1 2002 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARRY HACKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 02 C 1855 |
| v. | ) |
| | ) Judge John W. Darrah |
| LONG TERM DISABILITY PLAN FOR | ) |
| EMPLOYEES OF THE HAVI GROUP LP and | ) |
| HARTFORD LIFE AND ACCIDENT | ) DOCKETED |
| INSURANCE COMPANY, | ) |
| | ) JUL 0 1 2002 |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Barry Hackner ("Hackner"), filed suit against Defendants, Long Term Disability Plan for Employees of the Havi Group LP ("Plan") and Hartford Life and Accident Insurance Company ("Hartford"), alleging violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). Presently before the Court is Hartford's Motion to Dismiss.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of the Complaint supports the following summary of the alleged conduct of the parties.

Hackner was an employee of the Havi Group LP ("Havi"). Hartford issued and underwrote a group long-term disability insurance plan provided to Havi's employees. In

December 1996, Hackner ceased working at Havi due to acute bipolar disorder. Subsequent to ceasing his employment, Hackner made a claim for benefits under the Plan. Hartford approved Hackner's claim and began paying benefits on March 3, 1997. Hartford continued to pay benefits until March 2, 1999.

In addition to Hartford's benefits, Hackner was approved to receive social security disability benefits. The Social Security Administration determined that Hackner was "disabled" since September 1996. Hackner continues to receive social security benefits.

As a result of Hackner's receipt of social security benefits, Hartford demanded that Hackner reimburse the social security benefit payments that duplicated payments made by Hartford. Hartford also demanded reimbursement of dependent benefits paid by social security on Hackner's social security wage earners account. Hackner remitted all payments demanded by Hartford.

Following the termination of his benefits by Hartford, Hackner appealed the denial of his continued receipt of benefits from Hartford. Hartford denied reinstating Hackner's benefits. Hackner alleges that Hartford had no basis for demanding and receiving his dependent payments from social security and has wrongfully refused to reinstate his benefits.

Hartford argues that it should be dismissed because it is not a proper party under ERISA.

Ordinarily, in a suit to recover benefits of a Plan brought pursuant to ERISA, the plaintiff may only bring suit against the Plan. *See Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996). However, suits for benefits may also be brought against the plan administrator. *See Mein v. Carus Corp.*, 241 F.3d 581, 583 (7th Cir. 2001) (employer was proper defendant in ERISA

action because employer was also the plan administrator, and the employer and the plan were otherwise closely intertwined); *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1471 (9th Cir. 1993). The "administrator" is "the person specifically so designated by the terms of the instrument under which the plan is operated". 29 U.S.C. § 1002(16)(A)(i).

In the instant case, Hackner's Complaint does not allege that Hartford is the Plan administrator. Furthermore, the copy of the Plan attached to the Complaint identifies the Plan administrator as Havi. Therefore, Hartford is not a proper defendant in Hackner's ERISA claim brought pursuant to 29 U.S.C. §§ 1132(e)(1) and 1132(f).

For the foregoing reasons, Hartford's Motion to Dismiss is granted.

Dated: June 27, 2002

JOHN W. DARRAH
United States District Judge

3